

| | | |
|---|---|---|
| 75 Main Street, Suite 1<br>Manasquan, NJ 08736<br>(732) 223-3300 | | 26 Journal Sq., Suite 300<br>Jersey City, NJ 07306<br>(201) 222-1511<br>(By Appointment Only) |
| <u>**PLEASE RESPOND TO<br>MANASQUAN OFFICE**</u> | | |

# RUBAS LAW OFFICES
### MANASQUAN • JERSEY CITY

December 29, 2023

<u>**VIA ELECTRONIC FILING**</u>  

Honorable Julien Xavier Neals, U.S.D.J.
United State District Court
MLK Jr. Federal Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

  **Re:**  <u>**James Shea, et al. v. State of New Jersey, et al.**</u>
     <u>**Civil Action No. 2:23-cv-21196-JXN-ESK**</u>

Dear Judge Neals:

  This office represents the defendants Norhan Mansour, Omar Polanco, Mackenzie Reilly, Montavious Patten, and Richie Lopez (collectively, the "Individual Defendants") in the above-referenced matter filed by plaintiffs James Shea and the City of Jersey City (collectively, the "Plaintiffs'). We are in receipt of the Court's Text Order permitting a motion to dismiss to be filed by January 21, 2024. We are writing to advise the Court that we also anticipate filing a motion to dismiss; however, we would respectfully request that we be granted an additional 10 days to file by January 31, 2024.

  Presently, this office also represents the Individual Defendants in 5 five separate matters before the New Jersey Office of Administrative Law ("OAL") and the New Jersey Civil Service Commission ("NJCSC") as follows:

| **Defendant** | **Venue** | **Status** |
|:---:|:---:|:---:|
| Norhan Mansour | CSC Docket No. 2023-1988 | Pending Plaintiffs' Motion for Reconsideration and Stay |
| Omar Polanco | CSC Docket No. 2023-1988 | Pending Plaintiffs' Motion for Reconsideration and Stay |
| Mackenzie Reilly | OAL Docket No. CSR 08531-23<br>Judge Miller, ALJ | Pending Decision on Defendants' Motion to Dismiss and Reinstate |

1 | P a g e

**Michael Peter Rubas**
*\* Certified by the New Jersey Supreme Court as a Criminal Trial Attorney \**
Michael@RubasLawOffices.com   I   www.RubasLawOffices.com

| Montavius Patten | OAL Docket No. CSR 12961-23 Judge Hobbs, ALJ | Pending Briefing on Defendants' Motion to Dismiss and Reinstate |
|---|---|---|
| Richie Lopez | OAL Docket No. CSR 01695-23 Judge Guerrero, ALJ | Pending Written Submissions after Testimonial Hearing on Merits |

While the Individual Defendants agree with the State Defendants that Plaintiffs have substantial standing issues to maintain this lawsuit, this declaratory judgement action must be dismissed pursuant to the *Brillhart* Abstention Doctrine. See Brillhart v. Excess Ins. Co, 316 U.S. 491 (1942). As this Court is aware, district courts have "unique and substantial" discretion in determining whether to entertain declaratory relief actions under the Declaratory Judgment Act, 28 U.S.C. § 2201(a). See Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995). Under the *Brillhart* Abstention Doctrine, the district court must consider numerous factors including a general policy of restraint when the same issues are pending in a state court, the avoidance of duplicative litigation, and forum shopping. See Reifer v. Westport Ins. Corp., 751 F.3d 129, 140 (3rd Cir. 1994).

Rather than file this declaratory judgment action in April 2022 when the Attorney General affirmed that New Jersey police officers had a state constitutional right to use regulated cannabis off-duty, Plaintiffs openly defied that order and sought to terminate multiple officers, culminating in 5 state court litigations over the past year. Only after Administrative Law Judges Guerrero, Moss, and Candido expressly rejected Plaintiffs' federal preemption claims and the NJCSC twice confirmed that "federal law does not preempt CREAMMA" and that police officers "could carry a service weapon without violating federal law", In re Polanco, Jersey City Police Dep't, 2023 N.J. AGEN LEXIS 446 at *2 (September 20, 2023), did Plaintiffs file this action.

Plaintiffs filed this declaratory judgment action because after more than a year litigating multiple cases, they were unhappy with the state court rulings and wanted to forum shop for a different result. Indeed, Jersey City's own media advisory confirms this fact when it erroneously stated that the "refusal by the court and the Civil Service Commission to address the contradicting laws is creating a dangerous precedence, jeopardizing police officers' careers and public safety." Exhibit A hereto. A reading of the multiple administrative law judges' opinions and the NJCSC decisions establish that not only did the state courts and NJCSC address the issue, but they all found that as a matter of law there was no federal preemption. See In re Mansour, Jersey City Police Dep't, 2023 N.J. AGEN LEXIS 309 (August 2, 2023); In re Polanco, Jersey City Police Dep't, 2023 N.J. AGEN LEXIS 446

2 | P a g e
Michael Peter Rubas
*Certified by the New Jersey Supreme Court as a Criminal Trial Attorney*
Michael@RubasLawOffices.com   I www.RubasLawOffices.com

(September 20, 2023). Plaintiffs' federal preemption claims have been directly addressed and firmly rejected.

Accordingly, the Individual Defendants believe that this matter is ripe for dismissal on abstention grounds and seek to file a motion to dismiss. Unfortunately, due to the undersigned counsel's schedule with the holidays and 2 separate, multiple-day testimonial trials in OAL, we would respectfully request that the time to file a motion to dismiss be extended by 10 days until January 31, 2024.

I thank the Court for its kind consideration.

Respectfully submitted,

*Michael P. Rubas*

MICHAEL P. RUBAS

MPR/hb
cc:   All Counsel of Record (via ECF)

So Ordered.

  /s/ Edward S. Kiel
**Edward S. Kiel, U.S.M.J.**
**Date: January 2, 2024**

3 | P a g e
**Michael Peter Rubas**
* *Certified by the New Jersey Supreme Court as a Criminal Trial Attorney* *
Michael@RubasLawOffices.com   I www.RubasLawOffices.com