**APRUZZESE, McDERMOTT,**
 **MASTRO & MURPHY, P.C.**
Arthur R. Thibault, Jr., Esq.
Kyle J. Trent, Esq.
25 Independence Boulevard
Warren, New Jersey 07059
TEL:   (908) 580-1776
FAX:   908-647-1492
athibault@ammm.com
ktrent@ammm.com
Attorneys for Plaintiffs
James Shea & The City of Jersey City

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| JAMES SHEA, IN HIS CAPACITY AS DIRECTOR OF PUBLIC SAFETY FOR THE CITY OF JERSEY CITY & THE CITY OF JERSEY CITY, | : : : : | Civil Action No. 2:23-cv-21196-JXN-ESK |
| | : | **CIVIL ACTION** |
| Plaintiffs, | : : | **AMENDED COMPLAINT** |
| v. | : : | |
| THE STATE OF NEW JERSEY, MATTHEW PLATKIN, IN HIS CAPACITY AS ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, ALLISON CHRIS MYERS IN HER CAPACITY AS CHAIR & CHIEF EXECUTIVE OFFICER OF THE THE NEW JERSEY CIVIL SERVICE COMMISSION, THE NEW JERSEY CIVIL SERVICE COMMISSION, NORHAN MANSOUR, OMAR POLANCO, MACKENZIE REILLY, MONTAVIOUS PATTEN, AND RICHIE LOPEZ. | : : : : : : : : : : : : : : : | |
| Defendants. | : | |

## STATEMENT OF THE CASE

1. The Federal Gun Control Act, 18 U.S.C. 921, et. seq., prohibits regular users of controlled dangerous substances, including marijuana/cannabis, from possessing or receiving firearms and ammunition. Police officers in New Jersey are required to possess and receive firearms in order to fulfill their duties as law enforcement officers. New Jersey legalized the regulated use of recreational marijuana/cannabis in New Jersey through passage of the Cannabis Regulatory, Enforcement Assistance, and Marketplace Modernization Act ("CREAMM Act"), N.J.S.A. 24:6I-31 et seq. In doing so, New Jersey failed to address the impact of the federal firearm laws on the use of regulated marijuana/cannabis in New Jersey for persons who are required to possess and/or receive firearms or ammunitions as part of the job duties, including police officers in Jersey City. This action seeks a declaration pursuant to 28 U.S.C. § 2201, that the CREAMM Act and specifically N.J.S.A. 24:6I-52(a)(1) is preempted as it applies to adverse employment action to any individual who is an unlawful user of any controlled substance, including marijuana/cannabis, where such person is required to possess and/or receive a firearm or ammunition as part of his or her job duties.

## JURISDICTION

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the United States Constitution and the Federal Gun Control Act, 18 U.S.C. 921, et. seq. This action also seeks relief under 28 U.S.C. §§ 2201 et seq.

3. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this action occurred in Trenton, New Jersey, where Defendants' Platkin and the New Jersey Civil Service Commission's offices are located.

## PARTIES

4. Plaintiff City of Jersey City is a municipal corporation of the State of New Jersey operating under the laws of the State of New Jersey including the Civil Service Act, N.J.S.A. 11A:1-1 et seq., with the power to sue and be sued, and with its principal offices located at 280 Grove Street, Jersey City NJ 07302.

5. Plaintiff James Shea is the Director of Public Safety for the City of Jersey City responsible for the administration, regulation and discipline of the City's Division of Police and its member police officers.

6. Defendant State of New Jersey is one of the several states subject to the United States Constitution and federal law.

7. Defendant Matthew Platkin is the Attorney General for the State of New Jersey. In that capacity, he is the State's chief law enforcement officer and is responsible for overseeing the enforcement of New Jersey law.

8. Defendant Alison Chris Myers is the Chair and Chief Executive Officer of the New Jersey Civil Service Commission. In that capacity, she executes the decisions and orders of the Commission including as they relate to enforcement of CREAMMA among other duties.

9. Defendant Civil Service Commission is a New Jersey State agency empowered to interpret and enforce the New Jersey Civil Service Act and render final administrative decisions on appeals of discipline concerning permanent Civil Service employees.

10. Defendants Omar Polanco, Norhan Mansour, Mackenzie Reilly, Montavious Patten, and Richie Lopez are or were Jersey City Police Officers subjected to disciplinary action as a result to testing positive for cannabis during random drug tests and/or their admissions related to their cannabis use.

**FACTS**

**The Federal Gun Control Act And Users Of Controlled Substances**

11. In 1968, Congress passed the Gun Control Act of 1968, Pub. L. 90-351, Title IV, § 902, which it has subsequently amended on several occasions through present date ("collectively referred to as the Federal Gun Control Act").

12. In pertinent part, the Federal Gun Control Act provides that

> [i]t shall be **unlawful for any person to** sell or **otherwise dispose of any firearm or ammunition to any person knowing or having reasonable cause to believe that such person**, including as a juvenile— . . .
>
> > (3) is an **unlawful user of** or addicted to **any controlled substance** (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802))[.]

18 U.S.C. 922(d) (emphasis added).

13. Further, under the Federal Gun Control Act,

> [i]t shall be **unlawful for** any person—
>
> > (3) who is **an unlawful user** of or addicted to **any controlled substance** (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)) . . .
>
> to ship or transport in interstate or foreign commerce, or **possess** in or affecting commerce, **any firearm or ammunition**; or to **receive any firearm or ammunition** which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. 922(g) (emphasis added).

14. At all times relevant to this matter marijuana/cannabis was and remains a Schedule I substance under the Controlled Substances Act. 21 U.S.C. 802.

15. The Federal Gun Control Act imposes criminal liability for violation of its prohibitions, including, in relevant part, that "[w]hoever knowingly violates subsection (d) or (g) of section 922 shall be fined [. . .] imprisoned for not more than 15 years, or both." 18 U.S.C. 924.

16. Federal regulations promulgated by the U.S. Department of Justice's Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") further define what constitutes a person who is an "[u]nlawful user of or addicted to any controlled substance" under federal law. 27 C.F.R. § 478.11.

17. This definition includes "any person who is a current user of a controlled substance in a manner other than as prescribed by a licensed physician" and the regulation explains that

> [s]uch use is not limited to the use of drugs on a particular day, or within a matter of days or weeks before, but rather that the unlawful use has occurred recently enough to indicate that the individual is actively engaged in such conduct. A person may be an unlawful current user of a controlled substance even though the substance is not being used at the precise time the person seeks to acquire a firearm or receives or possesses a firearm. An inference of current use may be drawn from evidence of a recent use or possession of a controlled substance or a pattern of use or possession that reasonably covers the present time[.]

Ibid. (emphasis added).

18. While the Congressional intent in prohibiting marijuana users from possessing or receiving a firearm or ammunition under 18 U.S.C. 922 should be self-evident, the United States Supreme Court has explicitly recognized that Congress' intent in enacting the Federal Gun Control Act "was to keep firearms out of the hands of presumptively risky people." Dickerson v. New Banner Inst., Inc., 460 U.S. 103, 112 n. 6 (1983).

19. The prohibition on marijuana users possessing or receiving firearms or ammunition under Federal law has been repeatedly emphasized by the ATF.

20. For example, on September 21, 2011, the ATF issued an Open Letter to All Federal Firearm Licensees, which advised that under the Federal firearms laws, "any person who uses or is addicted to marijuana, regardless of whether his or her State has passed legislation authorizing marijuana use for medicinal purposes, is an unlawful user of or addicted to a controlled substance, and is prohibited by Federal law from possessing firearms or ammunition [. . .] and you may not transfer firearms or ammunition to them."

21. Similarly, the ATF's Firearms Transaction Record, Form 4473 (December 2022 rev.), also continues to specifically ask a potential recipient in question 21.e.: "Are you an unlawful user of, or addicted to, marijuana or any depressant, stimulant, narcotic drug, or any other controlled substance?" Further demonstrating the federal government's interpretation of that law, it includes the specific "warning: **The use or possession of marijuana remains unlawful under Federal law regardless of whether it has been legalized or decriminalized for medicinal or recreational purposes in the state where you reside**." As further set forth in Form 4473, "a person who answers 'yes' to any of the questions 21.b. through 21.k. is prohibited from receiving or possessing a firearm."

22. As recently as May 30, 2023, in response to Minnesota's legalization of recreational cannabis, the ATF issued clarification "for gun owners and potential gun owners who may be considering using marijuana given [the state's] recent ease on marijuana restrictions, drawing attention to the distinction between state and federal law." In that release, ATF emphasized that "the Federal Gun Control Act of 1968 prohibits any person who is an unlawful user of or addicted to any controlled substance as defined by the Controlled Substances Act of 1970 from shipping, transporting, receiving, or possession firearms or ammunition" and that "**regardless of the recent changes in [State] law related to the legalization of marijuana, an individual who is a current**

6

**user of marijuana is still federally defined as an "unlawful user" of a controlled substance and therefore is prohibited from shipping, transporting, receiving, or possessing firearms or ammunition**." (emphasis added).

### Prohibition on Illegal Drug Use By Police Officers

23. The New Jersey Attorney General's Law Enforcement Drug Testing Policy, including its December 2020 revision, required law enforcement agencies in New Jersey to conduct reasonable suspicion and random drug testing of law enforcement officers for marijuana/cannabis and other controlled dangerous substances, and "[b]ecause illegal drug use is inconsistent with the duties, obligations and responsibilities of sworn law enforcement officers, the policy mandate[d] that officers who test positive shall be terminated from employment."

24. Jersey City Police Department policy prohibited illegal drug use by its law enforcement officers and provided for the termination of an officer following a positive drug test for marijuana and other controlled dangerous substances.

25. In addition to those explicit prohibitions, it has long been settled and should be axiomatic that police officers must possess and/or receive firearms and ammunition in order to fulfill their law enforcement duties.

### New Jersey's Legalization of Recreational Marijuana/Cannabis

26. In February 2021, New Jersey enacted the Cannabis Regulatory, Enforcement Assistance, and Marketplace Modernization Act ("CREAMM Act"), N.J.S.A. 24:6I-31 et seq. to address the legalization of regulated marijuana/cannabis in New Jersey.

27. As it relates to employment, the CREAMM Act provides, in relevant part, that

> [n]o employer shall . . . take any adverse action against any employee with respect to compensation, terms, conditions, or other privileges of employment because that person does or does not smoke, vape, aerosolize or otherwise use cannabis items, and an

> employee shall not be subject to any adverse action by an employer solely due to the presence of cannabinoid metabolites in the employee's bodily fluid from engaging in conduct permitted under [the CREAMM Act].

N.J.S.A. 24:6I-52(a)(1).

28. The CREAMM Act was premised on the finding that "States are not required to enforce federal law or prosecute people for engaging in activities prohibited by federal law; therefore, compliance with this act does not put the State of New Jersey in violation of federal law." N.J.S.A. 24:6I-2.

29. The CREAMM Act failed to address, however, the impact of legalizing cannabis on employers who employ individuals who are required to possess and/or receive firearms in order to fulfill their job duties such as law enforcement officers.

30. The New Jersey Attorney General issued a Frequently Asked Question document in February 2021 and March 2021 which failed to address the issue of possession and/or receipt of firearms or ammunition by law enforcement officers who choose to utilize cannabis under Federal law.

31. In April 2022, the New Jersey Attorney General issued a memorandum to Law Enforcement Chief Executives recognizing that "marijuana is a schedule I controlled dangerous substance under federal law" while reiterating the CREAMM Act's language regarding adverse employment action reflected at N.J.S.A. 24:6I-52(a)(1) without addressing the issue of possession and/or receipt of firearms or ammunition by law enforcement officers who choose to utilize cannabis under federal law.

**Jersey City's Continued Prohibition on Cannabis Use By Officers Who Are Required To Possess and/or Receive Firearms and Ammunition.**

32. In April 2022, Jersey City's Department of Public Safety and Police Department issued memoranda to its sworn law enforcement officers reminding them that federal law continued to prohibit possession and/or receipt of firearms by persons using marijuana regardless of State legalization of cannabis and that the "the use of marijuana will remain prohibited in the Jersey City Police Department, both for current members and applicants."

33. The December 2020 revision to the New Jersey Attorney General's Law Enforcement Drug Testing Policy remained in effect and continued to require random drug testing of law enforcement officers including for cannabis use through February 2023.

34. As a result of random drug testing conducted pursuant to that Policy, multiple Jersey City police officers test positive for cannabis/marijuana use.

35. Multiple of those officers subsequently admitted to being regular users of cannabis prior to and following their positive drug test.

36. Those police officers were required to carry a firearm to perform their job duties and the City was required to provide such officers with ammunition multiple times annually, including for mandatory semiannual firearm training.

37. The City subsequently issued disciplinary charges seeking to remove and/or removing such officers, citing a willful violation of departmental orders to refrain from consuming cannabis and their resulting inability to "perform an essential function of his position as a police officer-carry and possess a firearm and ammunition" due to federal law.

### New Jersey Civil Service Commission and Federal Preemption Issue

38. On August 2, 2023, New Jersey's Civil Service Commission issued its first decision addressing the interplay between the Federal Gun Control Act and the CREAMM Act in the matter of In re Norhan Mansour, Jersey City Police Department, CSC Dkt. No.: 2023-1987.

39. In its decision, the Commission recognized that "[t]here is an obvious conflict between the [CREAMM Act], which legalizes the personal use of marijuana in New Jersey, and federal law, which stills considers marijuana an unlawful controlled substance, and this conflict was recognized by the State of New Jersey Legislature when it enacted the CREAMM Act."

40. It also recognized that "[c]onflict preemption applies when it is impossible for a private party to comply with both state and federal requirements, or where state law 'stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.'"

41. Despite that recognition and the acknowledgment (and undisputed fact) that "police officers are required to possess a firearm and regularly receive ammunition as a condition of their job duties" the Commission was not persuaded that preemption existed "because even if marijuana consumption remains unlawful [under] federal law, **nothing in the CREAMM Act requires anyone to violate federal law**, and while the CREAMM Act provides immunity from State prosecution and from adverse employment actions, it does not purport to offer any immunity from any violation of federal law--**the federal government is still free to prosecute cannabis users in New Jersey even though State prosecutors and law enforcement may not**." (emphasis added).

42. The Commission ordered that the City reinstate that police officer despite recognizing that such conflict exists.

43. Contrary to the Commission's statement that "nothing in the CREAMM Act requires anyone to violate federal law", its determination and interpretation of the CREAMM Act does exactly that—the City of Jersey City and its personnel are required to violate federal law because they would be required, at a minimum, to provide ammunition to officers who they know are users of cannabis in violation of 18 U.S.C. 922(d) and (g), opening such personnel to criminal

liability under 18 U.S.C. 924.  Further, the individual officers are required to violate federal law because they must possess firearms and ammunition to serve as police officers.

44. The Commission's position on preemption and the violation of federal law remains inconsistent with the interpretation of the United States Department of Justice.

45. For example, on September 14, 2023, the United States of America indicted Robert Hunter Biden based on his possession of a firearm in violation of 18 U.S.C. 922(g)(3) and 924(a).

46. Count Three of the Complaint Against Mr. Biden alleges, in its entirety,

> On or about October 12, 2018, through on or about October 23, 2018, in the District of Delaware, the defendant Robert Hunter Biden, knowing that he was an unlawful user of and addicted to any stimulant, narcotic drug, and any other controlled substance as defined in Title 21, United States Code, Section 802, did knowingly possess a firearm, that is, a Colt Cobra 38SPL revolver with serial number RA 551363, said firearm having been shipped and transported in interstate commerce.

Indictment, Criminal Action No.: 23-00061-MN, D.Da. (September 14, 2023).  The mere possession of a firearm by Mr. Biden at a time he was an unlawful user of a controlled substance resulted in a criminal charge against him.

47. In addition to bringing such federal criminal charges, the Department of Justice also continues to obtain criminal convictions of marijuana users for possession of firearms (or ammunition) due to its strict prohibition under federal law.

48. For example, Deja Taylor, the mother of the six-year-old who shot and severely injured a first grade teacher in Virgina pleaded guilty to being an unlawful user of a controlled substance in possession of a firearm in June 2023 related to her possession of a firearm while a user of marijuana, and is scheduled to be sentenced in October 2023.

49. Because Jersey City Police Officers must receive and possess firearms and ammunition, the Commission's order for reinstatement requires the violation of federal law and this interpretation of the CREAMM Act is preempted by federal law.

50. The Commission also failed to address and instead ignored that this exact conclusion was reached by the only judicial body to consider the interplay of state laws legalizing marijuana and the Federal Gun Control Act, Ortiz v. Department of Corrections, 1D22-375, 2023 WL 4101330 (Fla. Dist. Ct. App. June 21, 2023).

51. In Ortiz, a three judge appellate judicial panel concluded that a corrections officer who used prescription marijuana could not lawfully possess a firearm, which was an essential function of his job and that permitting him to remain employed in such function would not only require him to violate federal law, but also require his colleagues to violate federal law.

52. In upholding the corrections officer's termination despite the legality of such cannabis use under Florida state law, the court explained that

> Federal law makes it a felony for certain "prohibited persons" to possess a firearm. 18 U.S.C. § 924(a)(8) (2022). Among the activities that would cause someone to be classified as a prohibited person is the unlawful use of a controlled substance under the Controlled Substances Act, 21 United States Code section 802. 18 U.S.C. § 992(g)(3). Marijuana is a schedule I drug under the Controlled Substances Act. 21 U.S.C. § 812(c)(10). Under the Act, Schedule I drugs are deemed to have "no medicinal purpose for treatment in the United States, have a high potential for abuse, and lack acceptable safety measures even when used under proper medical supervision." 21 U.S.C. § 812(b)(1). Therefore, under the Act, there are no valid prescriptions for marijuana. Because marijuana may not be validly prescribed under federal law, mere possession of marijuana is a felony under federal law. Gonzales v. Raich, 545 U.S. 1, 14, 125 S.Ct. 2195, 162 L.Ed.2d 1 (2005). Accordingly, the use of marijuana by a person who is in possession of a firearm is unlawful. The law does not require the use of marijuana to be contemporaneous to the possession of a firearm.

> United States v. Banks, 43 F.4th 912, 917 (8th Cir. 2022). It requires the unlawful use to have occurred recently enough to indicate that the individual is actively engaged in such conduct or that the person has used the drug for an extended period. United States v. Carnes, 22 F.4th 743 (8th Cir. 2022); United States v. Tanco-Baez, 942 F.3d 7, 15 (1st Cir. 2019); United States v. Bowens, 938 F.3d 790, 793 (6th Cir. 2019).
>
> Because Mr. Velez Ortiz uses medicinal marijuana to treat his posttraumatic stress disorder, he is a regular user of marijuana. **Although he can legally possess and use medicinal marijuana under state law, his use of it is illegal under federal law. Accordingly, he cannot lawfully possess a firearm. Each time he does, he is committing a felony.** And each year, he is required to possess a firearm to qualify. As a result, he is violating his requirement to maintain good moral character, which is required to keep his correctional officer certification.
>
> **Because Mr. Velez Ortiz could not perform an important requirement of the job of corrections officer, training with and using firearms, without being in violation of federal law and causing other agency personnel to be in violation of federal law, his termination was lawful**.

Ortiz, 1D22-375, 2023 WL 4101330, at *1–2 (emphasis added).

## COUNT ONE

53. "Under the Supremacy Clause, U.S. Const., Art. VI, cl. 2, state laws that 'interfere with, or are contrary to the laws of Congress, made in pursuance of the Constitution' are invalid." Wisconsin Pub. Intervenor v. Mortier, 501 U.S. 597, 604 (1991) (quoting Gibbons v. Ogden, 9 Wheat 1, 211 (1824)).

54. State law is preempted by Federal law when: (1) Congress states its intent for preemption through explicit statutory language; (2) state law "regulates conduct in a field that Congress intended the Federal Government to occupy exclusively[;]" or (3) state and federal laws conflict. See English v. Gen. Elec. Co., 496 U.S. 72, 78-79 (1990).

13

55. "Conflict preemption nullifies state law inasmuch as it conflicts with federal law, either where compliance with both laws is impossible or where state law erects an 'obstacle to the accomplishment and execution of the full purposes and objectives of Congress.'" Farina v. Nokia Inc., 625 F.3d 97, 115 (3d Cir. 2010) (quoting Hillsborough Cnty. v. Automated Med. Labs., Inc., 471 U.S. 707, 713 (1985) (internal quotation marks omitted))

56. It is beyond dispute that law enforcement officers employed by the Jersey City Police Department must possess and receive a firearm and ammunition in order to be a police officers.

57. Such an individual cannot do so without committing a felony under federal law.

58. Perhaps even more significantly, Jersey City Police Department personnel must provide such officers with ammunition at least semiannually in order for them to fulfill their duties as a police officer. They cannot do so without being in violation of federal law given the knowledge that such officers are users of controlled substances.

59. Plaintiff City of Jersey City and its Director of Public Safety, James Shea, operate and are otherwise responsible for the administration, regulation and discipline of the City's Division of Police and its member police officers in the State of New Jersey.

60. Decisions of the Civil Service Commission and the non-statement from the Attorney General now require the City and its Public Safety Director to allow persons they know to be users of controlled dangerous substances to possess and receive firearms and ammunition in violation of federal law.

61. Plaintiffs and the State of New Jersey, Attorney General, and Civil Service Commission have a genuine and current controversy as to the application of New Jersey law--the CREAMM Act and specifically N.J.S.A. 24:6I-52(a)(1)--to law enforcement officers who must

possess and/or receive firearms and ammunition, including the individual named Defendants, and the conflicting federal prohibition on such activity under the Federal Gun Control Act and Controlled Substances Act.

62. Both Plaintiffs, the State of New Jersey, and the individual named Defendants have a stake in this controversy which, once resolved, will have a direct and immediate effect on the parties and the continued employment of individuals who admit to utilizing cannabis while serving in a role which requires them to possess and/or receive firearms and ammunition.

63. A judicial determination resolving this actual controversy is necessary and appropriate at this time.

**WHEREFORE**, Plaintiffs request a judgment as follows:

a. Declaring pursuant to 28 U.S.C. § 2201, that the CREAMM Act and specifically N.J.S.A. 24:6I-52(a)(1) is preempted as it applies to adverse employment action to any individual who is an unlawful user of any controlled substance, including marijuana/cannabis, where such person is required to possess and/or receive a firearm or ammunition as part of his or her job duties;

b. Enjoining the State of New Jersey, the Attorney General, the Chair of the Civil Service Commission, and the Civil Service Commission from requiring the City of Jersey City to employ or reinstate to employment any individual who is an unlawful user of any controlled substance, including marijuana/cannabis where such person is required to possess and/or receive a firearm or ammunition as part of his or her job duties;

c. Enjoining the State of New Jersey, the Attorney General, the Chair of the Civil Service Commission, and the Civil Service Commission from requiring the City of Jersey City to employ or reinstate or provide firearms and/or ammunition to any individual Defendant or individual who is an unlawful user of any controlled substance, including marijuana/cannabis;

d. For all such other relief as the Court deems equitable and just.

Dated: January 11, 2024

/S/ Arthur Thibault

Arthur R. Thibault, Jr.
APRUZZESE, McDERMOTT,
 MASTRO & MURPHY
Attorneys for Plaintiffs
James Shea & The City of Jersey City

16

**CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2**

Pursuant to Local Civil Rule 11.2, I certify that the matter in controversy is the subject of the following New Jersey State court or administrative proceedings, all the parties to which are joined in the present Complaint:

1) In the Matter of Norhan Mansour, Jersey City Police Department, New Jersey Civil Service Commission, Dkt. No.: CSR 3569-23

2) In the Matter of Norhan Mansour, Jersey City Police Department, New Jersey Civil Service Commission, Dkt. No.: CSR 3570-23

3) In the Matter of Mackenzie Reilly, Jersey City Police Department, New Jersey Civil Service Commission, Dkt. No.: CSR 08531-23

4) In the Matter of Montavious Patten, Jersey City Police Department, Jersey City Civil Service Commission, Dkt. No.: CSR 12961-23

5) In the Matter of Richie Lopez, Jersey City Police Department, Jersey City Civil Service Commission, Dkt. No.: CSR 1695-23

I further certify that to the best of my knowledge no other party need be joined in this action.

                                          APRUZZESE, McDERMOTT,
                                           MASTRO & MURPHY
                                        Attorneys for Plaintiff
                                        James Shea & The City of Jersey City

Dated: January 11, 2024                          /S/ Arthur Thibault

                                                             Arthur R. Thibault, Jr.