## UNITED STATE DISTRICT COURT
## DISTRICT OF NEW JERSEY

JAMES SHEA, IN HIS CAPACITY
AS DIRECTOR OF PUBLIC SAFETY
FOR THE CITY OF JERSEY &
THE CITY OF JERSEY CITY,

                   Plaintiffs,

v.

THE STATE OF NEW JERSEY,
MATTHEW PLATKIN, IN HIS
CAPACITY AS ATTORNEY
GENERAL OF THE STATE OF
NEW JERSEY, *ET ALS.*

                   Defendants.

**Electronically Filed**

Case No. 2:23-cv-21196-JXN-ESK

## DEFENDANTS NORHAN MANSOUR, OMAR POLANCO, MACKENZIE REILLY, MONTAVIOUS PATTEN, RICHIE LOPEZ'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

**Michael P. Rubas, Esq. (ID#039851998)**
26 Journal Square, Suite 300
Jersey City, New Jersey 07306
(201) 222-1511
Michael@RubasLawOffices.com

***Attorneys for the Defendants***
Norhan Mansour, Omar Polanco
Mackenzie Reilly, Montavious Patten
& Richie Lopez

On Brief:
Michael P. Rubas, Esq.

## **TABLE OF CONTENTS**

INTRODUCTION……………………………………………………………….1

PRELIMINARY STATEMENT…………………………………………………1

PROCEDURAL HISTORY OF THE
FIVE STATE PARALLEL PROCEEDINGS……………………………………5

    A.    In re Norhan Mansour, JCPD – Docket No.: CSR 3569-23………….5

    B.    In re Omar Polanco, JCPD – Docket No.: CSR 3570-23………………6

    C.    In re Mackenzie Reilly, JCPD – Docket No.: CSR 08531-23…………7

    D.    In re Montavious Patten, JCPD - Docket. No.: CSR 12961-23……….8

    E.    In re Richie Lopez, JCPD – Docket No.: CSR 1695-23………………8

LEGAL ARGUMENT

POINT I

THE LAW ENFORCEMENT EXCEPTION CONTAINED
IN 18 U.S.C. § 925(a)(1) EXEMPTS THE JERSEY CITY
POLICE DEPARTMENT FROM THE PROHIBITIONS OF
THE FEDERAL GUN CONTROL ACT; THUS, PLAINTIFFS
LACK STANDING TO BRING THIS ACTION BECAUSE
THERE IS NO JUSTICIABLE CONTROVERSY.………………………………10

    A.    Plaintiffs Have Not and Cannot Establish an
        Injury-In-Fact Because They Are Not Subject to
        the Prohibitions of the Federal Gun Control Act……………………12

    B.    The Amended Complaint is Wholly Devoid of
        Any Facts that Support a Legal Basis for
        Standing by Plaintiff James Shea...…………………………………..15

<u>POINT II</u>

THIS MATTER SHOULD BE DISMISSED PURSUANT
TO THE *BRILLHART* ABSTENTION DOCTRINE
BECAUSE THE PARTIES ARE CURRENTLY
LITIGATING THE EXACT ISSUE IN FIVE
SEPARATE STATE PROCEEDINGS BEFORE
THE NEW JERSEY OFFICE OF ADMINISTRATIVE
LAW & THE NEW JERSEY CIVIL SERVICE COMMISSION.....................17

    A.    Existence of Multiple Parallel State Proceedings.........................20

    B.    The *Reifer* Factors Weigh Heavily in Favor
        of the Individual Defendants, Requiring the
        Dismissal of Plaintiffs' Amended Complaint..............................21

CONCLUSION ...…………………………………………………………26

# <u>TABLE OF AUTHORITIES</u>

***<u>Cases</u>***                                                                                        **<u>Page</u>**

<u>Allen v. Wright</u>,
      468 U.S. 737 (1984)……………………………………………………………10

<u>Brillhart v. Excess Ins. Co.</u>,
      316 U.S. 491 (1942)..…………………………………………………..17, 18

<u>Colorado River Water Conservation Dist. v. United States</u>,
      424 U.S. 800, 817 (1976)……………………………………………………17

<u>Hyland v. Fukuda</u>,
      580 F.2d 977 (9th Cir. 1978)……………………………………………………14

<u>In the Matter of Norhan Mansour, Jersey City Police Dep't</u>,
      2023 N.J. AGEN LEXIS 309 (August 2, 2023)………………………..21, 24

<u>In the Matter of Omar Polanco, Jersey City Police Dep't</u>,
      2023 N.J. AGEN LEXIS 446 (September 20, 2023)..…………………21, 24

<u>In the Matter of Richie Lopez, Jersey City Police Dep't</u>,
      2023 N.J. AGEN LEXIS 389 (February 22, 2023)…....………………21, 25

<u>Jordan v. Harvey</u>,
      381 N.J. Super. 112 (App. Div. 2005)...…………………………………15

<u>Kelly v. Maxum Spec. Ins. Grp.</u>,
      868 F.3d 274, 282 (3d. Cir. 2017)…………………………………………….26

<u>Khodara Environmental, Inc., v. Blakey</u>,
      376 F.3d 187 (3d Cir. 2004)..…………………………………………12

<u>Lujan v. Defenders of Wildlife</u>,
      504 U.S. 555 (1992)..…………………………………………………11

<u>Maryland Casualty Co. v. Pacific Coal & Oil Co.</u>,
      312 U.S. 270 (1941)………………………………………………………..12

National Ass'n For Stock Car Auto Racing, Inc. v. Scharle,
    184 Fed. Appx. 270 (3d Cir. 2006)……………………………………………11

New Orleans Public Service, Inc. v.
    Council of City of New Orleans, 491 U.S. 350 (1989)……………………..17

St. Thomas-St. John Hotel & Tourism Ass'n, Inc. v.
    U.S. Virgin Islands, 218 F.3d 232 (3d Cir. 2000)………………………..10, 12

Rarick v. Federated Serv. Ins. Co.,
    852 F.3d 223 (3d Cir. 2017)...……………………………………………18

Reifer v. Westport Ins. Corp.,
    751 F.3d 129 (3d Cir. 2014)……………………………………18, 20, 25

Sprint Communs., Inc. v. Jacobs,
    571 U.S. 69 (2013)…....…………………………………………………17

Step-Saver Data Systems, Inc. v. Wyse Technology,
    912 F.2d 643 (3d Cir. 1990)……………………………………………12

Wilton v. Seven Falls Co.,
    515 U.S. 277 (1995)…....……………………………………..17, 18, 19, 20

Valley Forge Christian College v. Americans United for
    Separation of Church and State, Inc., 454 U.S. 464 (1982)…..……………11

***Constitution***

U.S. Const. art. III.....……………………………………………10, 11, 12, 16

***Federal Rule of Civil Procedure***

Fed. R. Civ. P. 12(b)(1)...……………………………………………..1, 3. 26

***New Jersey Administrative Code***

N.J.A.C. 4A:10-2.1(a)(1)...……………………………………………5, 6

N.J.A.C. 4A:10-2.1(a)(2)……………………………………………...5, 6

***New Jersey State Statutes***

N.J.S.A. 2C:58-3…………………………………………………………….15

N.J.S.A. 40A:14-152…………………………………………………………15

***United States Code***

18 U.S.C. §922(d)(3)…………………………………………………….3, 14

18 U.S.C. § 922(d)(9)…………………………………………………….3, 13

18 U.S.C. § 922(g)(3)…………………………………………………….3, 14

18 U.S.C. § 922(g)(9)…………………………………………………..3, 13

18 U.S.C. § 922(h)(1)…………………………………………………14

18 U.S.C. § 922(p)…………………………………………………….3, 14

18 U.S.C. § 925(a)(1)…………………………………………..3, 10, 13, 14, 15, 16

28 U.S.C. § 2201(a)………………………………………………………..18

## INTRODUCTION

This office represents the defendants Norhan Mansour, Omar Polanco, Mackenzie Reilly, Montavious Patten, and Richie Lopez (collectively, the "Individual Defendants") in the above-referenced matter filed by plaintiffs James Shea ("Shea") and the City of Jersey City ("Jersey City") (collectively, the "Plaintiffs").  The Individual Defendants move before this Honorable Court for an Order dismissing the Amended Complaint seeking Declaratory Judgment filed on January 11, 2024, pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of standing and the *Brillhart* Abstention Doctrine.

## PRELIMINARY STATEMENT

On November 3, 2020, the citizens of New Jersey by an overwhelming majority of sixty-seven percent voted to amend the New Jersey State Constitution to legalize regulated cannabis with Governor Murphy subsequently signing into law the comprehensive enabling legislation known as the New Jersey Cannabis Regulatory, Enforcement Assistance, and Marketplace Modernization Act, N.J.S.A. 24:6I-31 *et seq*. (the "CREAMM Act").  The CREAMM Act set forth new employment protections for job applants and employees that prohibited subjecting employees to adverse employment actions simply because a blood or urine test signaled positive for regulated cannabis.  Considering this new state constitutional right afforded to all New Jersey citizens, on April 13, 2022, New Jersey Attorney

General Matthew J. Platkin issued a Memorandum advising all law enforcement chief executives that the "CREAMMA further provides that law enforcement agencies may not take any adverse action against any officers because they do or do not use cannabis off-duty."

Rather than promptly filing a declaratory judgment action, Plaintiffs officially announced on Mayor Fulop's Twitter page that they would be defying the Attorney General and unlawfully terminating police officers who used regulated cannabis in violation of the New Jersey State Constitution and the CREAMM Act.  After unlawfully terminating five Jersey City Police Officers, the Individual Defendants, despite their compliance with state law, Plaintiffs elected to actively litigate these five matters in the New Jersey Office of Administrative Law and the New Jersey Civil Service Commission.  In so doing, Plaintiffs are currently seeking affirmative judicial relief in those state forums including motions for reconsideration, motions for stay pending appeal, and cross-motions seeking to terminate the Individual Defendants from employment.

Now, more than two years after the passage of the CREAMM Act and only after losing multiple state administrative court matters, Plaintiffs filed this declaratory judgment action because they were unhappy with the state rulings and wanted to forum shop for a different result.  Indeed, Jersey City's own media advisory and press releases confirm that this matter was filed only because Plaintiffs

were unsuccessful on their the CREAMM Act preemption arguments in the parallel state proceedings.

Putting aside the egregious delay in filing this matter, this matter must be dismissed pursuant to Federal Rule of Civil Procedure Rule 12(b)(1) for lack of standing because Plaintiffs cannot establish an injury-in-fact or other justiciable controversy.  In the Amended Complaint, Plaintiffs allege that Jersey City Police Department personnel must provide officers with ammunition at least semiannually for them to fulfill their duties as a police officer, and they cannot do so without being in violation of federal law given the knowledge that such officers are users of controlled substances.  See Amended Complaint, ¶ 58.  Importantly, however, that is simply untrue because Plaintiffs are not subject to the prohibitions of the Federal Gun Control Act pursuant to 18 U.S.C. § 925(a)(1) which provides that:

> The provisions of this chapter, except for sections 922(d)(9) and 922(g)(9) and provisions relating to firearms subject to the prohibitions of section 922(p), **shall not apply with respect to the transportation, shipment, receipt, possession, or importation of any firearm or ammunition imported for, sold or shipped to, or issued for the use of, the United States or any department or agency thereof or any State or any department, agency, or political subdivision thereof.**

Id. (Emphasis added).  Thus, the claim that by providing firearms or ammunitions to police officers who use regulated cannabis the Plaintiffs are violating 18 U.S.C. 922(d)(3) or 18 U.S.C. § 922(g)(3) is untrue because firearms and ammunition

provided by the Jersey City, a political subdivision of the State of New Jersey, to its police officers are exempt from the Federal Gun Control Act.  As such, there is no federal law violation, no risk of arrest or prosecution, and Plaintiffs cannot establish any injury-in-fact or other justiciable controversy.

This matter should also be dismissed pursuant to the *Brillhart* Abstention Doctrine which provides that district courts can exercise discretion and decline jurisdiction when there are parallel state proceedings.  In this matter, there is not just one parallel proceeding but five separate state administrative court proceedings that are being litigated simultaneous to this federal court action with Plaintiffs seeking affirmative relief therein.  In all five state litigations, Plaintiffs are alleging that the CREAMM Act is preempted by federal law.

Dismissal is warranted in this matter based on the *Brillhart* abstention doctrine to allow the state courts the opportunity to resolve unsettled state law matters, specifically, the viability of the CREAMM Act.  Moreover, dismissing this matter and allowing the five state administrative court matters proceed in the normal course including possible appeals is the proper exercise of judicial restraint and will avoid the inefficiencies of duplicative litigation while not countenancing the Plaintiffs' obvious efforts to forum shop.

Accordingly, the Individual Defendants respectfully request that this Honorable Court dismiss the Amended Complaint filed in this matter.

**PROCEDURAL HISTORY OF THE**
**FIVE STATE PARALLEL PROCEEDINGS**

The Individual Defendants set forth the procedural history of the five pending parallel proceedings referred to in the Rule 11.2 Certification contained in Plaintiffs' Amended Complaint.

**A.   <u>In re Norhan Mansour, JCPD – Docket No.: CSR 3569-23.</u>**

On August 2, 2023, the New Jersey Civil Service Commission issued its Decision to accept and adopt the Findings of Facts and Conclusions contained in the initial decision of the Honorable Kimberly Moss, A.L.J. and her recommendation to grant the Defendant Officer Mansour's Motion for Summary Decision, reverse her unlawful removal, and immediately reinstate her to the employment of the Jersey City.  <u>See</u> Certification of Michael P. Rubas, Esq., dated January 31, 2024 ("Rubas Cert.), Exhibit A.   On August 23, 2023, Jersey City filed a Motion for Reconsideration or, in the alternative, to Stay pending Appeal of the August 2, 2023 Order of the New Jersey Civil Service Commission.  <u>See</u> Rubas Cert., Exhibit B.

On August 24, 2023, Defendant Officer Mansour filed a request pursuant to <u>N.J.A.C.</u> 4A:10-2.1(a)(1) and (2) for the issuance of an Order of Compliance and the assessment of substantial fines against Jersey City.  <u>See</u> Rubas Cert., Exhibit C. Defendant Officer Mansour was required to file this application because Jersey City refused to comply with the Order of the New Jersey Civil Service Commission and reinstate her employment.  <u>See id.</u>  On August 29, 2023, Defendant Officer Mansour

5

filed her opposition to Jersey City's Motion for Reconsideration or, in the alternative, to Stay pending Appeal.  See Rubas Cert., Exhibit D.  To date, the parties are awaiting a decision from the New Jersey Civil Service Commission.  Importantly, however, Jersey City remains in violation of the Reinstatement Order and refuses to return Defendant Officer Mansour to employment.  See Rubas Cert., ¶ 7.

**B.   In re Omar Polanco, JCPD – Docket No.: CSR 3570-23.**

On September 20, 2023, the New Jersey Civil Service Commission issued its Decision to accept and adopt the Findings of Facts and Conclusions contained in the initial decision of the Honorable Joann LaSala Candido, A.L.J. and her recommendation to grant the Defendant Officer Polanco's Motion for Summary Decision, reverse his unlawful removal, and immediately reinstate him to the employment of the Jersey City.  See Rubas Cert., Exhibit E.   On October 6, 2023, Jersey City filed a Motion for Reconsideration or, in the alternative, to Stay pending Appeal the September 20, 2023 Order of the New Jersey Civil Service Commission. See Rubas Cert., Exhibit F.

On November 13, 2023, Defendant Officer Polanco filed a request pursuant to N.J.A.C. 4A:10-2.1(a)(1) and (2) for the issuance of an Order of Compliance and the assessment of substantial fines against Jersey City.  See Rubas Cert., Exhibit G. Defendant Officer Polanco was required to file this application because Jersey City refused to comply with the Order of the New Jersey Civil Service Commission and

reinstate Officer Polanco's employment.   See id.  The Compliance Request also contained Defendant Officer Polanco's opposition to Jersey City's Motion for Reconsideration or, in the alternative, to Stay pending Appeal.  See id. To date, the parties are awaiting a decision from the New Jersey Civil Service Commission. Importantly, however, Jersey City remains in violation of the Reinstatement Order and refuses to return defendant Officer Polanco to employment.  See Rubas Cert., ¶ 11.

**C.    In re Mackenzie Reilly, JCPD – Docket No.: CSR 08531-23.**

On October 6, 2023, Defendant Officer Reilly filed his Motion for Summary Decision before the Honorable Matthew Miller, A.L.J. seeking to dismiss the Final Notice of Disciplinary Action and order his immediate reinstatement as a police officer with Jersey City.  See Rubas Cert., Exhibit H.  On October 27, 2023, Jersey City filed its Cross-Motion for Summary Decision and Opposition seeking to confirm the removal of Defendant Officer Reilly as a police officer.  See Rubas Cert., Exhibit I.  On November 13, 2023, Defendant Officer Reilly filed his Reply Brief with the Court.  See Rubas Cert., Exhibit J.  To date, the matter is still pending, and the parties are waiting for a decision from the Honorable Matthew Miller, A.L.J.

**D.**     **In re Montavious Patten, JCPD - Docket. No.: CSR 12961-23.**

On January 2, 2024, Defendant Officer Patten filed his Motion for Summary Decision before the Honorable Patrice E. Hobbs, A.L.J. seeking to dismiss the Final Notice of Disciplinary Action and order his immediate reinstatement as a police officer with Jersey City. See Rubas Cert., Exhibit K. On January 29, 2024, Jersey City filed its Cross-Motion for Summary Decision and Opposition seeking to confirm the removal of Defendant Officer Patten as a police officer. See Rubas Cert., Exhibit L. According to the briefing schedule set by the Honorable Patrice E. Hobbs, A.L.J., Defendant Officer Patten's Reply Brief is due on February 7, 2024, with oral argument scheduled for February 12, 2024, at 10:00 a.m. See Rubas Cert., ¶ 18.

**E.**     **In re Richie Lopez, JCPD – Docket No.: CSR 1695-23.**

On February 22, 2023, the New Jersey Civil Service Commission issued its Decision to not accept and adopt the Findings of Facts and Conclusions contained in the initial decision of the Honorable Susana E. Guerrero, A.L.J. and reversed her recommendation to grant the Defendant Officer Lopez' Motion for Summary decision. See Rubas Cert., Exhibit M. In so doing, the New Jersey Civil Service Commission remanded the matter for a testimonial hearing which occurred on November 1, 2023. See Rubas Cert., ¶ 20.

On January 26, 2024, Jersey City and Defendant Officer Lopez submitted briefs containing their summation of facts and arguments to the Honorable Susana

8

E. Guerrero, A.L.J.  <u>See</u> Rubas Cert., Exhibits N and O respectively.  Pursuant to the Court's scheduling Order, simultaneous Reply Briefs are due on February 9, 2024, and a decision will be rendered by the Court in due course.  <u>See</u> Rubas Cert., ¶ 22.

**LEGAL ARGUMENT**

**POINT I**

**THE LAW ENFORCEMENT EXCEPTION CONTAINED IN 18 U.S.C. § 925(a)(1) EXEMPTS THE JERSEY CITY POLICE DEPARTMENT FROM THE PROHIBITIONS OF THE FEDERAL GUN CONTROL ACT; THUS, PLAINTIFFS LACK STANDING TO BRING THIS ACTION BECAUSE THERE IS NO JUSTICIABLE CONTROVERSY.**

Article III of the United States Constitution limits the power of federal courts to resolve cases or controversies.   "A declaratory judgment or injunction can issue only when the constitutional standing requirements of a 'case' or 'controversy' are met."  St. Thomas-St. John Hotel & Tourism Ass'n, Inc. v. U.S. Virgin Islands, 218 F.3d 232, 241 (3d Cir. 2000).  Complaints seeking declaratory relief cannot hinge solely on hypothetical or contingent questions.  See id. The case or controversy requirement is met when "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Id.

"The Article III doctrine that requires a litigant to have 'standing" to invoke the power of a federal court."   Allen v. Wright, 468 U.S. 737, 750 (1984).  The doctrine of standing determines which disputes are justiciable under the case or controversy requirement. "As an incident to the elaboration of this bedrock [case or controversy] requirement, this court has always required that a litigant have

'standing' to challenge the action sought to be adjudicated in the lawsuit." Valley Forge Christian College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982).

To establish constitutional standing under Article III, three elements are required: (1) injury-in-fact, (2) causation (or traceability), and (3) redressability. See Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992). An injury-in-fact is an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical. See id. at 560-561. There must also be a causal connection between the injury and the offending conduct with the injury being "fairly traceable" to the challenged action of the defendant. See id. Lastly, "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Id. at 561.

Just because a lawsuit contains a request for declaratory judgment does not eliminate the requirement of standing; instead, "[a] declaratory judgment may issue only where the constitutional standing requirements of a justiciable controversy are satisfied." National Ass'n For Stock Car Auto Racing, Inc. v. Scharle, 184 Fed. Appx. 270, 274 (3d Cir. 2006). In declaratory judgment actions, the Third Circuit Court of Appeals has acknowledged that declaratory judgments are "frequently sought before injury has actually happened" and that in those cases standing requirements are satisfied when "there is a substantial controversy, between parties

11

having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Step-Saver Data Systems, Inc. v. Wyse Technology, 912 F.2d 643, 647 (3d Cir. 1990) (quoting Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270 (1941)).

"A plaintiff seeking a declaratory judgment must possess constitutional standing but need not have suffered "'the full harm expected.'" Khodara Environmental, Inc., v. Blakey, 376 F.3d 187, 193 (3d Cir. 2004) (quoting The St. Thomas-St. John Hotel & Tourism Ass'n, 218 F.3d at 240.  A Plaintiff requesting declaratory judgment "has Article III standing if 'there is substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" Id.

**A.** **Plaintiffs Have Not and Cannot Establish an Injury-In-Fact Because They Are Not Subject to the Prohibitions of the Federal Gun Control Act.**

A detailed review of Plaintiffs' Amended Complaint reveals that the only possible injury-in-fact that would serve as a basis for standing is the repeated allegation that Jersey City would be in violation of federal law if it provides police officers who use regulated cannabis firearms or ammunition.  See Amended Complaint, ¶¶ 36, 58.  Specifically, in paragraph 36 of the Amended Complaint, the Plaintiffs allege that "[t]hose police officers were required to carry a firearm to perform their job duties and the City was required to provide such officers with

ammunition multiple times annually, including for mandatory semiannual firearm training."   Amended Complaint, ¶ 36.   And, in paragraph 58 of the Amended Complaint, the Plaintiffs state that "Jersey City Police Department personnel must provide such officers with ammunition at least semiannually in order for them to fulfill their duties as a police officer. They cannot do so without being in violation of federal law given the knowledge that such officers are users of controlled substances." Amended Complaint, ¶ 58.

Importantly, however, that is untrue because Jersey City is not subject to the prohibitions of the Federal Gun Control Act.  This is an important fact that the Plaintiffs failed to advise the Court.  It is fatal to Plaintiffs' case.  Specifically, 18 U.S.C. § 925(a)(1) provides that:

> The provisions of this chapter, except for sections 922(d)(9) and 922(g)(9)[1] and provisions relating to firearms subject to the prohibitions of section 922(p), **shall not apply with respect to the transportation, shipment, receipt, possession, or importation of any firearm or ammunition imported for, sold or shipped to, or issued for the use of, the United States or any department or agency thereof or any State or any department, agency, or political subdivision thereof**.

Id. (Emphasis added).  Thus, the claim that by providing firearms or ammunitions to police officers who use regulated cannabis the Plaintiffs are violating 18 U.S.C.

---

[1]      There is no military or law enforcement exception under 18 U.S.C. § 925(a)(1) for those individuals convicted of a misdemeanor crime of domestic violence. See 18 U.S.C. §922(g)(9) (the Lautenberg Amendment).

§922(d)(3) or 18 U.S.C. § 922(g)(3) is untrue because firearms and ammunition issued by the Jersey City, a political subdivision of the State of New Jersey, to its police officers are exempt from the Federal Gun Control Act.  As such, Plaintiffs cannot establish any injury-in-fact or other justiciable controversy.

The applicability of Section 925(a)(1) is illustrated in the case of <u>Hyland v. Fukuda</u>, 580 F.2d 977 (9th Cir. 1978).  In that matter, Mr. Hyland applied to be an Adult Corrections Officer in the Hawaii prison system, stating on his application that he had been previously convicted of armed robbery and served a three-year prison term.  <u>See id.</u> at 978.  Mr. Hyland's application was accepted but the State suspended his eligibility for employment pending the opinion of its Attorney General concerning his right to be employed and to carry a firearm.  <u>See id.</u>  In upholding the district court on this issue, the Court of Appeals for the Ninth Circuit found that "because of Hyland's prior armed robbery conviction, he falls squarely within the prohibition of section 922(h)(1). The district judge concluded, however, that 18 U.S.C. § 925(a)(1) would except Hyland from section 922(h)(1)'s proscription."  <u>Id.</u> at 979.  The Appeals Court further found that "[i]t is undisputed that any firearm Hyland might be permitted to carry in the position he seeks would be owned by, and used exclusively for, the state. We agree with the district judge that the plain terms of section 925(a)(1) remove firearms owned by the state and used exclusively for its purposes from the limitations of section 922."  <u>Id.</u>

Likewise, in the instant case, the only possible injury alleged in the Amended Complaint is that Jersey City personnel "must provide such officers with ammunition at least semiannually in order for them to fulfill their duties as a police officer. They cannot do so without being in violation of federal law given the knowledge that such officers are users of controlled substances." Amended Complaint, ¶ 58. However, Section 925(a)(1) clearly states that firearms and ammunition possessed and issued by a political subdivision of the State, Jersey City, and used exclusively for its purposes are exempt from the proscriptions and limitations of Section 922. Because of this exemption, there is no federal law violation, no risk of prosecution, and no injury-in-fact. Accordingly, Jersey City lacks standing to bring this action.

**B.    The Amended Complaint is Wholly Devoid of Any Facts that Support a Legal Basis for Standing by Plaintiff James Shea.**

Plaintiff Shea is a civilian public safety director who has no police power or authority. See Jordan v. Harvey, 381 N.J. Super. 112, 116 (App. Div. 2005) ("[w]e find no statutory authority to accord such powers to a police director.") A civilian "director" may not wear a uniform or badge or carry a firearm, nor may he or she issue firearms permits or have the power to arrest. See id.; see also N.J.S.A. 40A:14-152; N.J.S.A. 2C:58-3.

With that background, a detailed review of the Amended Complaint establishes that Shea alleges no facts that would support any possible injury or other basis for standing.  In fact, Plaintiff Shea is only mentioned six times in the entire Amended Complaint and other than in captions, the only reference to Shea is that he is "responsible for the administration, regulation and discipline of the City's Division of Police and its member police officers."  Amended Complaint, ¶¶ 5, 59.

The Amended Complaint is devoid of any allegations that would support a finding that Shea has suffered an injury-in-fact or would suffer an injury-in-fact if Court did not intervene.  Plaintiff Shea does not allege he is responsible for providing firearms or ammunition to the Individual Defendants, does not allege that he would be in violation of federal law, and does not allege that he risks federal arrest or federal prosecution.  Plaintiff Shea alleges no injury at all, nothing.

Finally, assuming arguendo that Plaintiff Shea did claim he would be violating federal law by providing firearms or ammunition to police officers who used regulated cannabis, as set forth above, *supra* Point I(A), there is no federal law violation due to the Law Enforcement Exemption contained in 18 U.S.C. § 925(a)(1). Accordingly, Plaintiffs, individually and collectively, have failed to establish any potential injury or other concrete controversy necessary for Article III standing. The Individual Defendants respectfully request the Court to dismiss the Amended Complaint.

## POINT II

**THIS MATTER SHOULD BE DISMISSED PURSUANT TO THE *BRILLHART* ABSTENTION DOCTRINE BECAUSE THE PARTIES ARE CURRENTLY LITIGATING THE EXACT ISSUE IN FIVE SEPARATE STATE PROCEEDINGS BEFORE THE NEW JERSEY OFFICE OF ADMINISTRATIVE LAW & THE NEW JERSEY CIVIL SERVICE COMMISSION.**

The United States Supreme Court has held that "federal courts are obliged to decide cases within the scope of federal jurisdiction; abstention is not in order simply because a pending state-court proceeding involves the same subject matter." Sprint Communs., Inc. v. Jacobs, 571 U.S. 69, 72 (2013) (citing New Orleans Public Service, Inc. v. Council of City of New Orleans, 491 U.S. 350, 373 (1989). As such, "the pendency of an action in state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976).

However, it is well settled that a district court's discretion to defer to a state court is significantly broader when the federal action is one for declaratory judgment. See e.g., Brillhart v. Excess Ins. Co., 316 U.S. 491, 495 (1942); Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995) ("Distinct features of the Declaratory Judgment Act, we believe, justify a standard vesting district courts with greater discretion in declaratory judgment actions than that permitted…"). The Declaratory Judgment Act ("DJA") provides that a court "**may** declare the rights and other legal

17

relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a) (emphasis added).  The permissive language of the Act "confer[s] on federal courts unique and substantial discretion in deciding whether [in the first instance] to declare the rights of litigants."  Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995).

The Supreme Court has stated that the DJA confers "discretionary, rather than compulsory, jurisdiction upon federal courts."  Reifer v. Westport Ins. Corp., 751 F.3d 129, 134 (3d Cir. 2014) (citing Brillhart, 316 U.S. at 494).  In other words, "district courts are authorized, 'in the sound exercise of [their] discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close.'"  Reifer, 751 F.3d at 139 (quoting Wilton, 515 U.S. at 286).  When an action seeks only declaratory relief, without independent legal claims, courts may decline jurisdiction if appropriate.  See Rarick v. Federated Serv. Ins. Co., 852 F.3d 223, 227 (3d Cir. 2017).

The Third Circuit has articulated several factors that district courts should consider when exercising discretion under the DJA.  See Reifer, 751 F.3d at 140.  In Reifer, the Third Circuit began by noting that the "existence or non-existence of pending parallel state proceedings [to the declaratory judgment action]," while not dispositive, is a factor that "militates significantly" in favor of either declining or exercising jurisdiction, respectively.  Id. at 144-45.  The Court of Appeals then

enumerated eight factors that a district court should consider "to the extent they are relevant":

(1)    the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy;

(2)    the convenience of the parties;

(3)    the public interest in settlement of the uncertainty of obligation;

(4)    the availability and relative convenience of other remedies;

(5)    a general policy of restraint when the same issues are pending in a state court;

(6)    avoidance of duplicative litigation;

(7)    prevention of the use of the declaratory action as a method of procedural fencing or as a means to provide another forum in a race for res judicata; and

(8)    (in the insurance context), an inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion.

Id. at 146.  This list is not exhaustive and "**[t]o maintain the proper relationship between federal and state courts, it is important that district courts 'step back' and allow the state courts the opportunity to resolve unsettled state law matters.**" As Wilton reminded us, the Declaratory Judgment Act confers a discretion on the

19

courts rather than an absolute right on litigants." <u>State Auto Ins. Cos. v. Summy</u>, 234 F.3d 131, 136 (3d Cir. 2000) (<u>citing</u> Wilton, 515 U.S. at 287) (Emphasis added).

### A.   <u>Existence of Multiple Parallel State Proceedings.</u>

The existence of a parallel state court proceeding involving the same parties and issues weighs significantly in favor of abstention. <u>See</u> <u>Reifer</u>, 751 F.3d at 144-145 ("existence of pending parallel state proceedings militates significantly in favor of declining jurisdiction").  In this matter, there is not just one parallel proceeding but five separate state administrative court proceedings being actively litigated simultaneous to this federal court action.   More telling, Plaintiffs are currently seeking affirmative relief seeking to terminate the Individual Defendants in each proceeding:

| <u>Defendant</u> | <u>Venue</u> | <u>Status</u> |
|---|---|---|
| Norhan Mansour | CSC Docket No. 2023-1988 | Pending Plaintiffs' Motion for Reconsideration & Stay |
| Omar Polanco | CSC Docket No. 2023-1988 | Pending Plaintiffs' Motion for Reconsideration & Stay |
| Mackenzie Reilly | OAL Docket No. CSR 08531-23 Judge Miller, ALJ | Pending Decision on Defendant's Motion to Dismiss & Plaintiff's Cross-Motion to Terminate |
| Montavius Patten | OAL Docket No. CSR 12961-23 Judge Hobbs, ALJ | Pending Decision on Defendant's Motion to Dismiss & Plaintiff's Cross-Motion to Terminate Oral Argument February 12, 2024 |

| Richie Lopez | OAL Docket No. CSR 01695-23<br>Judge Guerrero, ALJ | Simultaneous Reply Summation<br>Briefs due February 9, 2024 |
|---|---|---|

See generally Rubas Cert.

In all five litigations, Plaintiffs are alleging that the CREAMM Act is preempted by federal law. A reading of the multiple administrative law judges' opinions and the decisions of the New Jersey Civil Service Commission establishes that not only was the preemption issue addressed but all found that as a matter of law, there was no federal preemption. See e.g. In the Matter of Omar Polanco, Jersey City Police Dep't, 2023 N.J. AGEN LEXIS 446 (September 20, 2023); In the Matter of Norhan Mansour, Jersey City Police Dep't, 2023 N.J. AGEN LEXIS 309 (August 2, 2023); In the Matter of Richie Lopez, Jersey City Police Dep't, 2023 N.J. AGEN LEXIS 389 (February 22, 2023).

The existence of five parallel state court proceedings weighs heavily in favor of abstention and dismissal.

## B. The _Reifer_ Factors Weigh Heavily in Favor of the Individual Defendants, Requiring the Dismissal of Plaintiffs' Amended Complaint.

Both a quantitative and qualitative analysis of the _Reifer_ factors weighs heavily in favor of the Individual Defendants and strongly supports abstention in this matter.

As to the first and second factors, these factors support the Individual Defendants' request for abstention and dismissal.  Putting aside the lack of standing arguments set forth above, *supra* Point I, a ruling in this matter will not fully resolve the state court litigations because at least three New Jersey Administrative Law Judges and the New Jersey Civil Service Commission have already found as a matter of law that the CREAMM Act is not preempted by federal law as it applies to police officers in the State of New Jersey.  Even with a ruling in this case, those five state court litigations will continue and may include new claims by the wrongfully terminated officers such as promissory estoppel and other equitable claims to retain their employment.  As to the second factor, allowing the Individuals Defendants to continue with their state administrative court cases is clearly more convenient than requiring them to litigate in multiple forums because the state litigations are not stayed and Plaintiffs are presently asserting affirmative claims by filing motions for reconsideration, motions for stay pending appeal, and cross-motions to terminate employment.

The fourth, fifth, sixth, and eighth factors are also particularly relevant in this case.  As to the fourth factor, Plaintiffs have been making their preemption argument in each of the five state litigations, where the parallel proceedings have been ongoing for over the last year.  In the two matters before the New Jersey Civil Service Commission (Mansour and Polanco cases), Plaintiffs have refused to comply with

the Commission's lawful orders to reinstate the police officers to employment and in doing so, have filed Motions for Reconsideration or, in the alternative, Motions for a Stay pending Appeal.  See Rubas Cert., Exhibits A-G, ¶¶ 3-11.  By requesting a stay pending appeal, Plaintiffs have signaled that they intend to exhaust their state court remedies of appeal to the Appellate Division and then the New Jersey Supreme Court.  The Third Circuit has noted that "it is counterproductive for a district court to entertain jurisdiction over a declaratory judgment action that implicates unsettled questions of state law, questions which might otherwise be candidates for certification to the state's highest court. Such matters should proceed in normal fashion through the state court system."  Summy, 234 F.3d at 135.  Because Plaintiffs have available remedies in state court and are actively pursuing them, the fourth factor weighs in favor of abstention.

In addition to the availability and convenience of continuing the state litigations, the issues before those state courts as it relates to the viability of the CREAMM Act are also matters of first impression of state law. "[T]he state's interest in resolving its own law must not be given short shrift simply because one party or, indeed, both parties, perceive some advantage in the federal forum."  Id.  "In order to maintain the proper relationship between federal and state courts, it is important that district courts 'step back' and allow the state courts the opportunity to resolve unsettled state law matters."  Id.

The fifth and sixth factors favor exercising judicial restraint when the same issues are pending in state proceedings and avoiding the inefficiencies of duplicative litigation.  The five pending matters, two before the New Jersey Civil Service Commission and three before the New Jersey Office of Administrative Law, are all parallel proceedings in which the Plaintiffs have made the exact same preemption argument as to the viability of the CREAMM Act.  This weighs heavily in favor of declining to exercise jurisdiction.  "A parallel state proceeding is a pending matter 'involving the same parties and presenting [the] opportunity for ventilation of the same state law issues.'"  Kelly v. Maxum Spec. Ins. Grp., 868 F.3d 274, 282 (3d. Cir. 2017).

In this matter, the five underlying state actions are all poised to address issues material to this action.  As such, continuing with this case is both inefficient and creates potentially duplicative findings of fact and law.  Moreover, here, the Amended Complaint was filed well after the Plaintiffs's litigations with the Individual Defendants in state administrative courts and only after multiple administrative law judges and the New Jersey Civil Service Commission held found that the CREAMM Act was not preempted by federal law.  See In re Polanco, Jersey City Police Dep't, 2023 N.J. AGEN LEXIS 446 (September 20, 2023); In re Mansour, Jersey City Police Dep't, 2023 N.J. AGEN LEXIS 309 (August 2, 2023);

In the Matter of Richie Lopez, Jersey City Police Dep't, 2023 N.J. AGEN LEXIS 389 (February 22, 2023).

Finally, the seventh factor also weighs heavily in favor of abstention and dismissal which provides that "prevention of the use of the declaratory action as a method of procedural fencing or to provide another forum in a race of res judicata." See Reifer, 751 F.3d at 146.  Undeniably, Plaintiffs filed this declaratory judgment action because after more than a year litigating multiple cases in the parallel proceedings and receiving adverse rulings, they were unhappy and wanted to forum shop for a different result.  In fact, Jersey City's own media advisory and press release sorry confirms that the Amended Complaint was filed only because Plaintiffs were unsuccessful on their CREAMM Act preemption argument in the state forums. See ECF No. 22, Exhibit A.

Accordingly, the Individual Defendants respectfully request that this matter be dismissed.

## <u>CONCLUSION</u>

For the reasons stated herein, the individual defendants Norhan Mansour, Omar Polanco, Mackenzie Reilly, Montavious Patten, and Richie Lopez respectfully request this Honorable Court to dismiss the Amended Complaint seeking Declaratory Judgment filed on January 11, 2024, pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of standing and the <u>*Brillhart*</u> Abstention Doctrine.

Respectfully submitted.

**LAW OFFICES OF**
**MICHAEL PETER RUBAS, LLC**

*Michael P. Rubas*

**Michael P. Rubas, Esq.**
26 Journal Square, Suite 1
Jersey City, New Jersey 07306
(201) 222-1511
Michael@RubasLawOffices.com

***Attorneys for Defendants***
Norhan Mansour, Omar Polanco, Mackenzie Reilly, Montavious Patten, and Richie Lopez

26