## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| MR. JAMES SHEA, *In his capacity as Director of Public Safety for the City of Jersey City, et al.*, | : : : : | Civil Action No. 23-21196 (JXN) (JRA) |
| Plaintiffs, | : : | OPINION |
| v. | : : | |
| STATE OF NEW JERSEY, *et al.*, | : : | |
| Defendants. | : : | |

**NEALS**, District Judge:

This matter comes before the Court on the following motions to dismiss the City of Jersey City ("Jersey City") and Public Safety Director James Shea's ("Director Shea") (together, the "Plaintiffs'") first amended complaint (ECF No. 24) (the "Amended Complaint"): (i) the Jersey City Police Officers Benevolent Association's ("POBA's") motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) for lack of subject-matter jurisdiction and failure to state a claim (ECF No. 31); (ii) Norhan Mansour ("Mansour"), Omar Polanco ("Polanco"), Mackenzie Reilly ("Reilly"), Montavious Patten, and Richie Lopez's (collectively, the "Individual Defendants") motion to dismiss (ECF No. 32) pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction and on abstention grounds; and (iii) the State of New Jersey, Matthew J. Platkin, Allison Chris Myers ("Myers"), and the Civil Service Commission's ("CSC") (collectively, the "State Defendants") motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) for lack of subject-matter jurisdiction, failure to state a claim and, alternatively, on abstention grounds (ECF No. 35). Jurisdiction and venue are proper pursuant to 28 U.S.C. §§ 1331, 2201, and 1391(b), respectively.

The Court has carefully considered Defendants' submission and decides this matter without oral argument under Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b).  For the reasons set forth below, the Individual Defendants' motion to dismiss (ECF No. 32) is **GRANTED** in part and **DENIED** in part.  The State Defendants' motion to dismiss (ECF No. 35) is **GRANTED** in part and **DENIED** in part.  And the POBA's motion to dismiss (ECF No. 31) is **DENIED** as moot.

I.        <u>**BACKGROUND AND PROCEDURAL HISTORY**</u>

"[A]fter New Jersey voters legalized" adult use of cannabis "under state law via constitutional ballot initiative," the New Jersey Legislature enacted "New Jersey's Cannabis Regulatory, Enforcement Assistance, and Marketplace Modernization Act" ("CREAMMA" or the CREAMM Act") on February 22, 2021 "to implement a regulated cannabis market."  ((ECF No. 35-1) ("State Defs.' Br.") at 12[1]); N.J. Stat. Ann. §§ 24:6I-31 to -56).  In pertinent part, "CREAMMA prohibits employers from taking 'any adverse action' against employees 'solely due to the presence of cannabinoid metabolites in the employee's bodily fluid.'"  (State Defs.' Br. at 12) (citing N.J. Stat. Ann. § 24:6I-52(a)(1)).  In sum, "an employee may not be fired simply because they used cannabis while off-duty and then tested positive for cannabis at a later date."  (State Defs.' Br. at 12) (citing N.J. Stat. Ann. § 24:6I-52(a)(1)).  This action concerns Jersey City's termination of the Individual Defendants for cannabis use and the Individual Defendants' subsequent appeals before the CSC.

Jersey City, "a municipal corporation of the State of New Jersey[,]" is "subject to the Civil Service Act, N.J. Stat. Ann. §§ 11A:1-1 to - 12-6, a statute administered by the CSC."  (Am. Compl. ¶¶ 4, 9); (State Defs.' Br. at 15) (footnote omitted).  Director Shea "is the Director of Public Safety for" Jersey City and is "responsible for the administration, regulation, and discipline

---

[1] The Court refers to the ECF page numbers throughout this Opinion.

of" Jersey City's "Division of Police and its member police officers."  (Am. Compl. ¶ 5).

"In April 2022, Jersey City's Department of Public Safety and Police Department issued [a] memorandum" advising its police officers that "federal law . . . prohibit[ed] possession and/or receipt of firearms by persons using marijuana regardless of" CREAMMA's enactment and that the "use of marijuana will remain prohibited in the Jersey City Police Department, both for current members and applicants."  (*Id.* ¶ 32) (internal quotation marks omitted).  To that end, Jersey City "continued to conduct random drug testing of its law enforcement officers through [] February 2023."  (State Defs.' Br. at 12) (citing Am. Compl. ¶ 33).

The Individual Defendants "tested positive for cannabis during random drug tests" and Plaintiffs "sought to terminate" the Individual Defendants "based on their cannabis use."  (*Id.* at 16) (citing Am. Compl. ¶¶ 33-34, 37).  The Individual Defendants "appealed their terminations to the CSC" and Jersey City "defended the terminations" contending that "Section 52(a)(1) is preempted by the Gun Control Act."  (*Id.* at 16).  The CSC "issued decisions in the Mansour and Polanco appeals, disagreeing with" Jersey City's "preemption arguments[,] [] reversing the removals[,]" and ordering the officers' reinstatement.  (*Id.* at 16-17) (citations omitted).  Jersey City "moved for reconsideration" of the pending matters.  (*Id.* at 17) (footnote omitted).

On October 16, 2023, Plaintiffs initiated this action by filing a complaint for declaratory relief under 28 U.S.C. § 2201 (the "Declaratory Judgment Act") related to their preemption arguments before the CSC.  (ECF No. 1).  On December 20, 2023, the State Defendants filed a pre-motion conference request (ECF No. 18), wherein they assert in part that the Court should hold this matter in abeyance because there is "parallel litigation on the same question [] pending before the CSC."  (*Id.* at 3).  On December 27, 2023, Plaintiffs filed opposition.  (ECF No. 20).  On December 28, 2023, the Court granted Plaintiffs leave to file an amended complaint.  (ECF No.

21).  On January 11, 2024, Plaintiffs filed an amended complaint (ECF No. 24) (the "Amended Complaint"), seeking the same relief under the Declaratory Judgment Act.

In the Amended Complaint, Plaintiffs named CSC "Chair & Chief Executive Officer" Myers as an additional State Defendant, and allege Myers "executes the decisions and orders of the" CSC "including as they relate to enforcement of CREAMMA. . . ."  (Am. Compl. ¶ 8). Further, that "under the CSC's interpretation of CREAMMA," Plaintiffs are "required to violate federal law because they would be required, at a minimum, to provide ammunition to officers who they know are users of cannabis in violation of 18 U.S.C. 922(d) and (g). . . ."  (State Defs.' Br. at 17); (Am. Compl. ¶ 43).  And that the CSC's "order for reinstatement requires the violation of federal law."  (Am. Compl. ¶ 49).  Thus, Plaintiffs seek a declaration that CREAMMA is "preempted as it applies to adverse employment action[s] to any individual who is an unlawful user of any controlled substance, . . . where such person is required to possess and/or receive a firearm or ammunition as part of their job[;]" as well as other relief.  (Am. Compl. ¶ 16).

On January 31, 2024, the POBA, Individual Defendants, and State Defendants filed motions to dismiss.  (ECF Nos. 31; 32; 35).  In addition to moving for dismissal under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), the Individual Defendants and State Defendants argue in part that the Court should decline jurisdiction under *Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942).[2] (*Compare* (ECF No. 32-1 at 23-31); *and* (ECF No. 35-1 at 36-42)).  On March 18, 2024, Plaintiffs filed opposition.  (ECF No. 44).  On March 24, 2024, the POBA filed a reply.  (ECF No. 45).  On March 24, 2024, and April 1, 2024, the Individual Defendants and State Defendants replied.  (ECF Nos. 46, 48).  This matter is now ripe for consideration.

---

[2] In its supporting brief, the POBA adopts the arguments of the co-defendants within their respective motions to dismiss but neither affirmatively adopts nor seeks alternative relief by way of abstention.  (ECF No. 31-1 at 4).

## II.     <u>LEGAL STANDARD</u>

District courts "decline to hear lawsuits brought under the" Declaratory Judgment Act "in favor of pending state actions for reasons of judicial economy, even where they have jurisdiction." *NYLife Dists., Inc. v. Adherence Grp., Inc.*, 72 F.3d 371, 376 (3d Cir. 1995) (citing *Brillhart*, 316 U.S. at 491; *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995)).  Jurisdiction is "discretionary and district courts are under no compulsion to exercise it."  *Atlantic Mutual Ins. Co. v. Gula*, 84 F.App'x 173, 174 (3d Cir. 2003) (internal quotation marks and citations omitted).

To exercise jurisdiction, courts first consider "whether there is a parallel state proceeding. . . ."  *Kelly v. Maxum Specialty Ins. Grp.*, 868 F.3d 274, 282 (3d Cir. 2017) (internal quotation marks and citation omitted).  When parallel proceedings exist, courts assess whether "the existence of pending parallel state proceedings is outweighed by opposing factors." *Id.* at 282 (internal quotations marks and citations omitted).  Though "not exhaustive and [] other considerations might be relevant" (*Kelly*, 868 F.3d at 282 n.6), courts consider:

> (1) the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy;
>
> (2) the convenience of the parties;
>
> (3) the public interest in settlement of the uncertainty of obligation;
>
> (4) the availability and relative convenience of other remedies;
>
> (5) a general policy of restraint when the same issues are pending in a state court;
>
> (6) avoidance of duplicative litigation;
>
> (7) prevention of the use of the declaratory action as a method of procedural fencing or as a means to provide another forum in a race for <u>res judicata</u>; and
>
> (8) (in the insurance context), an inherent conflict of interest between an insurer's duty to defend in a state court and its

> attempt to characterize that suit in federal court as falling within the scope of a policy exclusion.[3]

*Id.*, at 283 (citation omitted).

In carefully reviewing the existence of parallel state proceedings and the relevant factors, which strongly favor abstention, the Court declines to exercise jurisdiction.

## III.     **DISCUSSION**

### A.     **Parallel State Proceedings**

When parallel proceedings exist, district courts may decline jurisdiction. *Excel Pharmaceutical Servs., LLC v. Liberty Mut. Ins. Co.*, 825 F.App'x 65, 68 (3d Cir. 2020) (citation omitted). Here, Plaintiffs acknowledge parallel state proceedings by listing five separate "New Jersey State court or administrative proceedings" involving the Individual Defendants (the "Parallel Proceedings") in their L. Civ. R. 11.2 Certification within the Amended Complaint. (Am. Compl. at 17); *see also* (ECF No. 44 at 41-45). In the Parallel Proceedings, Plaintiffs raise the same preemption arguments presented here. (ECF No. 32-1 at 26-27). And acknowledge that the CSC has already considered its preemption arguments (Am. Compl. ¶¶ 38-52),[4] from which Plaintiffs may appeal. (ECF No. 35-1 at 38).

Plaintiffs further allege that the CSC "address[ed] the interplay between the Federal Gun Control Act and the CREAMM Act" in one of the Parallel Proceedings. (Am. Compl. ¶ 38). And while recognizing "conflict preemption applies when it is impossible for a private party to comply with both state and federal requirements[,]" the CSC "was not persuaded that preemption existed" in that matter. (*Id.* ¶¶ 40-41) (internal quotation marks and brackets omitted). As a result, the CSC

---

[3] This factor does not apply here.
[4] The Individual Defendants report that the Administrative Law Judge "reinstated" Reilly after finding that "there is no conflict of law between CREAMMA and the Federal Gun Control Act." (ECF No. 51 at 1) (citation omitted).

directed Plaintiffs to "reinstate that police officer despite recognizing that such conflict exists." (*Id.* ¶ 42).

Existence of a parallel state proceeding "is a significant factor that is treated with increased emphasis" and the "existence of a parallel state proceeding militates significantly in favor of declining jurisdiction." *Kelly*, 868 F.3d at 282 (internal quotation marks and citations omitted). Courts have found this factor alone sufficient to "weigh against exercising jurisdiction over a declaratory action. . . ." *Nautilus Ins. Co. v. Global Staffing Solution, Inc.*, No. 22-2716, 2023 WL 3316330, at *1 (3d Cir. May 4, 2023) (citation omitted). Thus, based on the issues presented, the Parallel Proceedings favor abstention.

"Under the Declaratory Judgment Act," district courts also have the "unique and substantial discretion to decide whether to stay or dismiss an action in favor of parallel state proceedings." *Farina v. Bank of New York*, No. 15-3679, 2021 WL 47439250, at *2 (3d Cir. Sept. 28, 2021) (internal quotation marks and footnote omitted). Here, the Court determines that abstention and a stay of this matter pending disposition is appropriate, rather than an outright dismissal. The Court will assess the pertinent factors in turn.

**B.**     **The Likelihood that this Court's Declaration will Resolve Uncertainty**

This factor weighs in favor of jurisdiction if it will "bring about a complete termination of the controversy between the parties and thereby avoid duplicative, piecemeal litigation." *DiAnoia's Eatery, LLC v. Motorists Mut. Ins. Co.*, 10 F.4th 192, 205 (3d Cir. 2021) (internal quotation marks and citation omitted). Here, the Individual Defendants argue that the Parallel Proceedings "will continue and may include new claims by the wrongfully terminated officers such as promissory estoppel and other equitable claims to retain their employment." (ECF No. 32-1 at 28). Plaintiffs concede this point. *See* (ECF No. 44 at 43) ("[T]he relief available in those

cases solely relates to those individuals and retrospective conduct.").  Thus, a decision by this Court will likely not "complete[ly] terminat[e]" the "controversy between" the Individual Defendants and Plaintiffs because the Individual Defendants may raise new claims, defenses, and move for reinstatement.  Accordingly, this factor weighs against exercising jurisdiction.

### C.    The Convenience of the Parties

This factor does not require significant analysis as it is clearly more convenient for the parties to avoid litigation in multiple forums involving the same issues and arguments.  (*See* ECF No. 32-1 at 28; ECF No. 35-1 at 40).  Plaintiffs contend, however, that the Court "could alleviate [] concerns" raised in this action "with a decision on the merits in either direction."  (ECF No. 44 at 44).  Such a decision would not necessarily resolve all issues presented in the Parallel Proceedings, which would likely continue following the conclusion of this action.  Accordingly, this factor weighs against exercising jurisdiction.

### D.    The Public Interest in Settlement

The State Defendants argue this factor favors abstention because "both state and federal tribunals are equally competent to adjudicate Plaintiffs' civil claims."  (ECF No. 35-1 at 40 n.9).  Plaintiffs appear to contend that the Court should exercise jurisdiction because "[o]nly a federal court declaration will resolve the uncertainty of obligation because of the circumstances presented in this matter."  (*Id.* at 44).  The Court disagrees.  A determination in the Parallel Proceedings can similarly resolve any uncertainty.  Accordingly, this factor weighs against exercising jurisdiction.

### E.    The Availability and Relative Convenience of other Remedies

The Individual Defendants contend that Plaintiffs "have available remedies in state court and are actively pursuing them" in the Parallel Proceedings.  (ECF No. 32-1 at 28-29).  The State Defendants also argue that the remedies available in the Parallel Proceedings "adequately protect

the parties' interest in advancing preemption claims" because Plaintiffs are free to "avail themselves of their appellate rights" at the conclusion of the state matters.  (ECF No. 35-1 at 40). Despite their appellate rights in the state action, Plaintiffs argue there "is no available state remedy" related to the preemption claims.  (ECF No. 44 at 44).  This factor arguably favors jurisdiction because of the limited jurisdiction of the CSC and the available remedies in the Parallel Proceedings.

### F.      The General Policies of Restraint and Avoidance of Duplicative Litigation

The fifth and sixth factors turn on whether the "main substantive" issues that the "Court must determine" "must also be determined to resolve the [u]nderlying action," even if plaintiff were not party to the underlying action.  *Berkley Ins. Co. v. Daniels*, No. 23-3031, 2024 WL 3379068, at *3(D.N.J. Apr. 24, 2024) (footnote omitted).  Here, Plaintiffs are parties to the Parallel Proceedings, however, and have "made the exact same preemption argument" in those matters (ECF No. 32-1 at 30). Accordingly, abstention is appropriate.

Further, the State Defendants argue that allowing this matter to proceed "wastes judicial resources" and "disserves interests of comity. . . ."  (ECF No. 35-1 at 40).  In opposition, Plaintiffs concede that "there is some overlap between the issues presented in" this action and the Parallel Proceedings.  (ECF No. 44 at 45).  The Court agrees that continuing this matter potentially wastes judicial resources, particularly based on the similar issues presented.  Accordingly, the fifth and sixth factors weigh against exercising jurisdiction.

### G.      The Prevention of Use of this Declaratory Action as Procedural Fencing

The Individual Defendants argue this factor strongly favors abstention because Plaintiffs filed this action "after more than a year litigating multiple cases in" the Parallel Proceedings and "receiving adverse rulings, they were unhappy [with] and wanted to forum shop for a different

result." (ECF No. 32-1 at 31). Plaintiffs provide no response or opposition. (*See, gen.*, ECF No. 44). In reply, the Individual Defendants and State Defendants further reiterate that Plaintiffs are forum shopping and seek a "second bite at the apple. . . ." (ECF No. 46 at 11; ECF No. 48 at 21). The extensive litigation that has occurred in the Parallel Proceedings to date weighs in favor of abstention and avoids procedural fencing irrespective of Plaintiffs' motivations for selecting this forum. Accordingly, this factor weighs against exercising jurisdiction.

IV.     **CONCLUSION**

In carefully reviewing the pending Parallel Proceedings, as well as the relevant factors that overwhelmingly weigh against exercising jurisdiction, the Court declines jurisdiction, stays this matter, and makes no findings as to the relief sought under Fed. R. Civ. P.12(b)(1) and 12(b)(6). Accordingly, the Individual Defendants' motion to dismiss (ECF No. 32) is **GRANTED** in part and **DENIED** in part. The State Defendants' motion to dismiss (ECF No. 35) is **GRANTED** in part and **DENIED** in part. And the POBA's motion to dismiss (ECF No. 31) is **DENIED** as moot.

The Court will abstain from exercising jurisdiction and stays this matter pending the outcome of the state administrative proceedings and any related appeal. Plaintiffs may reopen this matter upon application within 60 days of the conclusion of the state proceedings, or within 60 days of entry of this Opinion and Order, whichever is later. An appropriate Order accompanies this Opinion.

DATED: 8/2/2024

s/ Julien Xavier Neals
**JULIEN XAVIER NEALS**
United States District Judge